## SETTLEMENT AGREEMENT
## AND MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Mutual Release of Claims ("Agreement") is entered into by Tanda Lainhart, for herself and her heirs, successors and assigns (hereinafter "Employee"); and the Abuse & Rape Crisis Shelter of Warren County, Inc., together with all its past, present, and future affiliates, subsidiaries, divisions, departments, predecessors, insurers, successors, and assigns, and each of its or their current and former members, owners, insurers, employees, officers, directors, managers, attorneys, agents, representatives, predecessors, successors, assigns, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (hereinafter collectively referred to as the "Employer").

### WITNESSETH:

**WHEREAS**, Employee was employed by the Employer until August 7, 2017;

**WHEREAS**, in *Tanda Lainhart v. Abuse & Rape Crisis Center of Warren County, Inc.*, U.S. District Court for the Southern District of Ohio, Case No. 1:18-cv-00781, Employee has alleged claims against Employer for violation of the Fair Labor Standards Act seeking alleged unpaid overtime compensation, liquidated damages, attorneys' fees and costs; and a bona fide dispute exists between the Parties as to these claims (the "Subject Matter");

**WHEREAS**, the Parties desire to compromise, settle and resolve disputes between them, arising with respect to Employee's employment with the Employer, and have reached an agreement;

**NOW, THEREFORE**, in consideration of the promises, covenants and agreements set forth herein, it is hereby agreed as follows:

### AGREEMENT

1. **Settlement Payments:** The Employer agrees to pay a total sum of $22,000.00, which will be divided as follows:

    (a) $7,129.27 will be paid to Employee as payment for back overtime compensation;

    (b) $7,129.27 will be paid to Employee as compensation for alleged liquidated damages;

    (c) $7,741.46 will be paid to Cohen Rosenthal & Kramer LLP and Jason P. Matthews LLC, attorneys for Employee, as compensation for Employee's attorneys' fees and costs.

    Employer agrees to provide separate checks to Employee and her attorneys within fourteen days of receiving this executed Agreement, the Court's approval of this Agreement, and IRS Form W-9s for Employee, Cohen Rosenthal & Kramer LLP, and Jason P. Matthews LLC, whichever date is later, provided that Employee does not revoke her acceptance of this Agreement. Employer will deliver the checks to Cohen Rosenthal & Kramer LLP's offices.

Employee's check referenced in section (a) above will be subject to the withholding of all applicable federal, state and local taxes, and any other withholdings or deductions authorized by law. Employer will determine the proper tax withholding amounts in accordance with Employee's previously elected wage withholding instructions. Employer will report Employee's settlement payment under section (a) above on an IRS Forms W-2. Employee's check referenced in section (b) above will not be subject to any deductions or withholdings. Employer will issue to Employee and her attorneys a Form 1099 for their respective checks referenced in sections (b) and (c) above. Employer is responsible for its share of payroll taxes and any employer-side obligations as required by law.

Employee agrees that the above payments represent any and all back pay, severance pay, wages (whether overtime or otherwise), bonuses, vacation pay, front pay, damages (whether liquidated, compensatory, exemplary, punitive or otherwise), benefits, attorneys' fees, costs, interest, or other monies to which Employee may have been entitled to receive or recover in connection with her employment with the Employer.

Employee further agrees that the above payments represent full and complete satisfaction and payment of any and all monies purportedly due and owing to her arising out of, or relating to, her employment with the Employer.

Neither Employer nor its counsel makes any representations whatsoever regarding the tax implications of the consideration payments described in this Section 1. In the event that Employee fails to properly pay taxes on the above payments, or in the event that any adverse tax consequences to Employer arise out of this settlement, Employee shall indemnify and reimburse Employer for any resulting tax liability, penalties, and/or interest that Employer is required to pay as a result of Employee's failure.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Section 1 above, except for Employee's execution of this Agreement and except for Employee's fulfillment of the promises contained herein that pertain to Employee.

3. **Dismissal of Claims.** In exchange for the consideration provided for herein, Employee agrees (1) to take all steps necessary to obtain the Court's approval of the settlement described in this Agreement, and (2) upon the Court's approval, to take all steps necessary to effectuate the dismissal *with prejudice* of all of Employee's claims in *Tanda Lainhart v. Abuse & Rape Crisis Center of Warren County, Inc.*, U.S. District Court for the Southern District of Ohio, Case No. 1:18-cv-00781. Employee further understands and agrees that Employee will not be entitled to the consideration provided for in this Agreement unless and until the Court approves this Settlement Agreement. In the event the Court denies approval of the settlement, this Agreement shall be null and void.

4. **Mutual Release of Claims:**

   a. **Mutual Release**. In consideration for the promises set forth in this Agreement, Employee hereby voluntarily and forever relinquishes any claim she may have against the Employer including any claim she may have regarding the Subject Matter. For good

and valuable consideration, Employee does hereby fully, finally and forever release, waive and irrevocably discharge, from any and all claims, actions and causes of action, suits, debts, liability, and any demands whatsoever, in law or in equity, whether known or unknown, vested or contingent, which Employee ever had, may now have, or may hereafter have, that arise from or relate to the Subject Matter. This includes, but is not limited to, all claims or charges which could have been raised under common law, breach of contract, promissory estoppel, defamation, invasion of privacy, intentional infliction of emotional distress, negligence, interference with contractual or other relationships, any federal, state or local statutes or laws, or any Internal Policies of Employer that govern Employee's employment relationship with Employer, including any claim and charge that Employee has or may have against Employer which might arise out of the Fair Labor Standards Act and the Equal Pay Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1964 as amended; the Civil Rights Act of 1991 as amended; the United States Constitution; the Civil Rights Acts of 1866 or 1871 (42 U.S.C. Sections 1981, 1983, 1985, et seq.); the Americans with Disabilities Act; the Age Discrimination in Employment Act; The Older Workers Benefit Protection Act; the Ohio Constitution; Chapter 4111 of the Ohio Revised Code; Chapter 4112 of the Ohio Revised Code; tortious wrongful discharge claims under Ohio law; and any other Federal, State, City, County or other local law or ordinance, which, (a) have been filed, (b) are now pending, or (c) have not been filed but could have been filed, relating to any acts which have transpired in regard to Employee's relationship with Employer.

In consideration of the promises set forth in this Agreement, Employer does hereby waive, release, acquit and forever discharge Employee and her heirs, successors and assigns from any and all claims, of whatever nature, whether known or unknown, which exist or may exist on Employer's behalf against the Employee as of the date of this Agreement and which, (a) have been filed, (b) are now pending, or (c) have not been filed but could have been filed, relating to any acts which have transpired in regard to Employee's relationship with Employer.

      b.    **Claims Not Released.** Employee does not waive any rights she may have to (a) Emloyee's own vested accrued employee benefits under Employer's health, welfare, or retirement benefit plans, if any; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; and/or (d) enforce this Agreement.

      c.    **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency, including but not limited to the Equal Employment Opportunity Commission and the National Labor Relations Board. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

      d.    **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective, or multi-party action or proceeding based on such a claim in which Employer is a party.

5. **Non-Disparagement:** Employee and Employer agree not to make any statements that disparage the other. Notwithstanding the foregoing, statements made in the course of sworn testimony in administrative, judicial, or arbitral proceedings shall not be subject to this subsection.

6. **Confidentiality:** The terms of this Agreement are deemed to be confidential and may not be disclosed to third persons except pursuant to the written consent of all Parties hereto, or unless ordered to do so by a court of competent jurisdiction; provided however, that nothing herein shall prohibit the Parties from disclosing any of the terms of this Settlement Agreement or of the settlement evidenced hereby to legal counsel, auditors, accountants, members, partners, shareholders, or affiliated companies, or from making any disclosures required by law. Notwithstanding the foregoing, Employee may disclose the terms of this Agreement with her immediate family members so long as they too keep the terms of this Agreement confidential. Notwithstanding the foregoing, the Parties are not precluded from acknowledging to third parties that the Lawsuit has been dismissed and amicably resolved. The Parties acknowledge that this Agreement will be publicly available on the Court's docket and it is not a breach of this section if any third party learns of the terms of this Agreement because of its public availability. Nothing in this section 6 shall be interpreted to prevent Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency or court.

7. **No Assignment of Claims:** Employee represents and warrants that she is the sole and lawful owner of all rights, title and interest in and to all released matters, claims and demands referred to herein. Employee further represents and warrants that there has been no assignment or other transfer of any interest in any such matters, claims or demands that Employee may have against the Employer.

8. **Breach:** The Parties agree and acknowledge that this Agreement may be used as evidence in any subsequent proceeding in which either party alleges a breach of this Agreement or asserts claims inconsistent with the terms of this Agreement.

9. **Non-Admission of Liability:** Employee acknowledges and agrees that the Employer's participation in this Agreement is not to be construed as an admission of any wrongdoing or liability whatsoever by or on behalf of the Employer, or any of its directors, officers, agents or representatives.

10. **Choice of Law:** The Parties also agree that this Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Ohio without regard to its conflicts of law rules.

11. **Acknowledgements:** Employee acknowledges she has been represented by counsel for the negotiation and settlement of this matter, and that she understands the terms of this Agreement, and is knowingly and voluntarily entering into it.

12. **Construction:** The Parties expressly agree and acknowledge that this Agreement is not to be construed against any of the Parties on the basis of which party drafted the Agreement.

13. **Counterparts:** This Agreement may be signed in counterparts, and all such counterparts taken together shall constitute the same Agreement. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

14. **Severability:** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause or item of this Agreement is declared to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give maximum effect to the intentions of the Parties, and the remaining portions of the Agreement shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

15. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Employer of wrongdoing or evidence of any liability or unlawful conduct of any kind.

16. **Entire Agreement:** The Parties agree that this Agreement is the entire Agreement between them and represents their full and complete understanding. No prior or contemporaneous oral agreements may be offered to alter the terms of this Agreement. This Agreement shall be binding upon the Parties hereto and the Parties' heirs, executors, successors and assigns. This Agreement may not be amended, modified or terminated, in whole or in part, except by a written instrument executed by the Parties.

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT.

EMPLOYEE MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY EMPLOYEE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JANE CONN, EXECUTIVE DIRECTOR, ABUSE AND RAPE CRISIS SHELTER OF WARREN COUNTY, INC., AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO JANE CONN AT ABUSE AND RAPE CRISIS SHELTER OF WARREN COUNTY, INC., 27 N. EAST STREET, LEBANON, OHIO 45036, OR MAILED TO MS. CONN AT THE SAME ADDRESS, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS THIS AGREEMENT.

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST EMPLOYER.

The Parties knowingly and voluntarily sign this Settlement Agreement and Mutual Release of Claims as of the date(s) set forth below:

Date: May 6, 2019

*[signed]* Tanda Lainhart (May 6, 2019)
Tanda Lainhart

Date: 5-10-19

Abuse and Rape Crisis Shelter of Warren County, Inc.
By: *[signed]*
Its: Jane B. Conn